Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
## for the

_____ District of _____

_____ Division

United States Courts
Southern District of Texas
**FILED**

FEB 17 2026

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| Carl Anthony Smith Sr.<br>_Plaintiff(s)_<br>(Write the full name of each plaintiff who is filing this complaint.<br>If the names of all the plaintiffs cannot fit in the space above,<br>please write "see attached" in the space and attach an additional<br>page with the full list of names.)<br><br>-v-<br><br>(Auto Zone) Roger Jones<br>_Defendant(s)_<br>(Write the full name of each defendant who is being sued. If the<br>names of all the defendants cannot fit in the space above, please<br>write "see attached" in the space and attach an additional page<br>with the full list of names.) | Case No. _____<br>_(to be filled in by the Clerk's Office)_<br><br>Jury Trial: _(check one)_  ☐ Yes  ☐ No |

## COMPLAINT FOR A CIVIL CASE

**I.**   **The Parties to This Complaint**

**A.**   **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name                     Carl Anthony Smith Sr.
Street Address           7902 Rock Rose St Apt 3
City and County          Houston, Harris
State and Zip Code       Texas 77051
Telephone Number         832·545·6442
E-mail Address           carlsrcjcamree@gmail.com

**B.**   **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title _(if known)_. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

Name  Roger Jones (AutoZone Auto parts)

Job or Title *(if known)*  Store Manager

Street Address  11104 Fondren RD

City and County  Houston    Harris

State and Zip Code  TX    77096

Telephone Number  (713) 541 - 0495

E-mail Address *(if known)*

Defendant No. 2

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 3

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 4

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal question          [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

1) Family and medical Leave Act of 1993 (FMLA)
5) Fair labor Standards Act of 1938
2) Americans with Disabilities Act of A90 (ADA)
6) Retaliation protection
3) Pregnancy Discrimination Act of 1978
4) Civil Rights of 1964 (Title VII)

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual
   The plaintiff, *(name)* _____, is a citizen of the
   State of *(name)* _____.

   b. If the plaintiff is a corporation
   The plaintiff, *(name)* _____, is incorporated
   under the laws of the State of *(name)* _____,
   and has its principal place of business in the State of *(name)*
   _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual
   The defendant, *(name)* _____, is a citizen of
   the State of *(name)* _____. Or is a citizen of
   *(foreign nation)* _____.

Page 3 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

b.    If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

III.    **Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Conpensation: I lost my job while my daughter was having a suicidal crisis at school. We had no income for a few months.
Severance package: My family has had to struggle and we are behind on bills.

IV.    **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff Respectfully Request:    Pre-and Post Judgment Intrest,
Back Pay,    Compensatory Damages,
Lost Benifits,    Attorneys Fees and Cost,
Liquidated Damages (FMLA),    Punitve Damages,

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

Signature of Plaintiff _____

Printed Name of Plaintiff    *Carl Smith Sr.* _____

### B.    For Attorneys

Date of signing: _____

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Street Address _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____

**Cc:**
Incident Location
AutoZone Auto Parts
11104 Fondren Rd
Houston, TX 77096

NA NA
11104 Fondren Rd
Houston, TX 77096

Eric Rogers Esq.
Spielberger Law Group
4890 W. Kennedy Blvd. Ste. 950
Tampa, FL 33609


Please retain this Notice for your records.



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Houston District Office**
1919 Smith Street, 6th Floor
Houston, TX 77002
(346) 327-7700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 11/19/2025

**To:** Mr. Carl Smith
7902 Rock Rose St, Apt. 3
Houston, TX 77051
Charge No: 460-2026-00144

EEOC Representative and email:     TERANGELO DAVIS
EQUAL OPPORTUNITY INVESTIGATOR
TERANGELO.DAVIS@EEOC.GOV

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 460-2026-00144.

On behalf of the Commission,

Digitally Signed By:Rayford O. Irvin
11/19/2025
Rayford O. Irvin
District Director



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Houston District Office**

Mickey Leland Federal Building
1919 Smith Street 6th Floor
Houston, TX 77002
Free: (833) 827-2920
ASL: (844) 234-5122
FAX: (713) 651-4901
Website: www.eeoc.gov

01/06/2026

VIA: carlsrcjcamree@gmail.com
Carl Smith
7902 Rock Rose St, Apt. 3
Houston, TX 77051

Re:     FOIA No.: 460-2026-001971
        Charge No.: 460-2026-00144

Dear Mr. Smith:

Your Freedom of Information Act (FOIA) request, received on 12/08/2025, is processed. Our search began on 12/08/2025. All agency records in creation as of 12/08/2025 are within the scope of EEOC's search for responsive records. The paragraph(s) checked below apply.

[X]    Your request is granted in part and denied in part. Portions not released are withheld pursuant to the subsections of the FOIA indicated at the end of this letter.

[X]    A fee of $ 0 is charged. Charges for manual search and review services are assessed according to the personnel category of the person conducting the search a. Fees for search services range from $5.00 per quarter hour to $20.00 per quarter hour. Direct cost is charged for computer search and in certain other circumstances. Photocopying is .15 per page. 29 C.F.R. §1610.15. The fee(s) charged is computed as follows:

      [X]    All other requests: [29] pages of photocopying and [ ] quarter hour(s) of search time. Direct costs are billed in the amount of [ ] for [ ]. The first 100 pages and the first two hours of search time are provided free of charge.

[X]    The disclosed records are enclosed. No fee is charged because the cost of collecting and processing the chargeable fee equals or exceeds the amount of the fee. 29 C.F.R. § 1610.15(d).

[X]    I trust that the furnished information fully satisfies your request. If you need any further assistance or would like to discuss any aspect of your request, please do not hesitate to contact the FOIA Professional who processed your request or our FOIA Public Liaison (see contact information in above letterhead or under signature line).

[X]    You may contact the EEOC FOIA Public Liaison Michael L. Heise for further assistance or to discuss any aspect of your request. In addition, you may contact the Office of Government Information Services (OGIS) to inquire about the FOIA mediation services they offer.

The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, email at ogis@nara.gov; telephone at (202) 741-5770; toll free 1-877-684-6448.

The contact information for the FOIA Public Liaison is as follows: Michael L. Heise, EEOC FOIA Public Liaison, Office of Legal Counsel, FOIA Division, Equal Employment Opportunity Commission, 131 M. Street, N.E., Fifth Floor, Washington, D.C. 20507, email to FOIA@eeoc.gov, telephone at (202) 921-2542; or fax at (202) 827-7545.

460-2026-001971

[X]   If you are not satisfied with the response to this request, you may administratively appeal in writing. Your appeal must be postmarked or electronically transmitted in 90 days from receipt of this letter to the Office of Legal Counsel, FOIA Division, Equal Employment Opportunity Commission, 131 M Street, NE, 5NW02E, Washington, D.C. 20507, email to FOIA@eeoc.gov; online at https://eeoc.arkcase.com/foia/portal/login, or fax at (202) 827-7545. Your appeal will be governed by 29 C.F.R. § 1610.11.

Sincerely,

*Yvette M. Stewart*

Rayford O. Irvin      FOR
District Director
housfoia@eeoc.gov

Applicable Sections of the Freedom of Information Act, 5 U.S.C. § 552(b):

**Exemption(s) Used:**

[ ] (b)(3)(A)(i)                        [ ] (b)(6)
   [ ] § 706(b)                    [ ] (b)(7)(A)
   [ ] § 709(e)                    [X] (b)(7)(C)
   [ ] § 107 of the ADA            [ ] (b)(7)(D)
   [ ] § 207 of the GINA           [ ] (b)(7)(E)
[ ] (b)(4)                             [ ] (b)(7)(F)
[X] (b)(5)

**Information Withheld Pursuant to Exemption (b)(5) to the FOIA:**

Disclosure of preliminary assessments and opinions would create a chilling effect on the Commission staff's ability to freely and openly deliberate and discuss ideas, strategies, and recommendations, thereby impairing the Commission's ability to effectively and efficiently enforce applicable federal EEO laws by investigating charges and complaints, litigating and adjudicating cases, promulgating regulatory and sub-regulatory guidance, conducting outreach and education activities, and other related activities.

**(b)(5)**

Exemption (b)(5) to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(5) (2016), as amended by the FOIA Improvement Act of 2016, Pub. L. No. 114-185, 130 Stat. 538, permits withholding documents that reflect the analyses and recommendations of EEOC personnel generated for the purpose of advising the agency of possible action. This exemption protects the agency's deliberative process and allows nondisclosure of "inter-agency or intra-agency memorandums or letters which would not be available to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The exemption covers internal communications that are deliberative in nature. National Labor Relations Board v. Sears, Roebuck & Co., 421 U.S. 132 (1975); Hinckley v. United States, 140 F.3d 277 (D.C. Cir. 1998); Mace v. EEOC, 37 F. Supp. 2d 1144 (E.D. Mo. 1999). The purpose of the deliberative process privilege is to "allow agencies freely to explore alternative avenues of action and to engage in internal debates without fear of public scrutiny." Missouri ex. rel. Shorr v. United States Corps of Eng'rs., 147 F.3d 708, 710 (8th Cir. 1998). Disclosure of preliminary assessments and opinions would create a chilling effect on the Commission staff's ability to freely and openly deliberate and discuss ideas, strategies, and

460-2026-001971

recommendations, thereby impairing the Commission's ability to effectively and efficiently enforce applicable federal EEO laws by investigating charges and complaints, litigating and adjudicating cases, promulgating regulatory and sub-regulatory guidance, conducting outreach and education activities, and other related activities.   Records may be withheld under this exemption if they were prepared prior to an agency's decision, Wolfe v. Dep't of Health and Human Services, 839 F.2d 768, 775, 776 (D.C. Cir. 1988) (en banc) and for the purpose of assisting the agency decision maker.  First Eastern Corp. v. Mainwaring, 21 F.3d 465,468 (D.C. Cir. 1994).  See also, Greyson v. McKenna & Cuneo and EEOC, 879 F. Supp. 1065, 1068, 1069 (D. Colo. 1995). Records may also be withheld to the extent they reflect "selective facts" compiled by the agency to assist in the decision-making process.  A. Michael's Piano, Inc. v. Federal Trade Commission, 18 F.3d 138 (2d Cir. 1994).  An agency may also withhold records to the extent that they contain factual information already obtained by a requester through prior disclosure.  See Mapother, Nevas, et al. v. Dep't of Justice, 3 F.3d 1533 (D.C. Cir. 1993).

DOCUMENTS WITHHELD PURSUANT TO EXEMPTION (b)(5) TO THE FOIA:

1.  Investigator's Notes/ Work Product: (2 pages, 5 lines Redacted)
2.  Activity Log: (5 pages, 12.5 lines Redacted)

---

## (b)(7)(C)

Exemption (b)(7)(C) to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(7)(C) (2016), as amended by the FOIA Improvement Act of 2016, Pub. L. No. 114-185, 130 Stat. 538, authorizes the Commission to withhold:\n\nrecords or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy . . . .\n\nThe seventh exemption applies to civil and criminal investigations conducted by regulatory agencies.  Abraham & Rose, P.L.C. v. United States, 138 F.3d 1075, 1083 (6th Cir. 1998). Release of statements and identities of witnesses and subjects of an investigation creates the potential for witness intimidation that could deter their cooperation. National Labor Relations Board v. Robbins Tire and Rubber Co., 437 U.S. 214, 239 (1978); Manna v. United States Dep't. of Justice, 51 F.3d 1158,1164 (3d Cir. 1995). Disclosure of identities of employee-witnesses could cause "problems at their jobs and with their livelihoods." L&C Marine Transport, Ltd. v. United States, 740 F.2d 919, 923 (11th Cir. 1984).\n\nThe Supreme Court has explained that only "[o]fficial information that sheds light on an agency's performance of its statutory duties" merits disclosure under FOIA, and noted that "disclosure of information about private citizens that is accumulated in various governmental files" would "reveal little or nothing about an agency's own conduct." United States Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 773 (1989).\n\nFor the purposes of determining what constitutes an unwarranted invasion of personal privacy under exemption (b)(7)(C), the term "personal privacy" only encompasses individuals, and does not extend to the privacy interests of corporations. FCC v. AT&T Inc., 131 S.Ct. 1177, 1178 (2011).

DOCUMENTS WITHHELD PURSUANT TO EXEMPTION (b)(7)(C) TO THE FOIA:

1.  Redacted personal information about third parties, such as names, addresses, telephone numbers, social security numbers, and driver's license numbers, the disclosure of which would invade personal privacy. (2 pages, 2 lines Redacted)

---

For a full description of the exemption codes used please find them at the following URL: https://www.eeoc.gov/foia/freedom-information-act-reference-guide

460-2026-001971

This response was prepared by Yvette Stewart, Government Information Specialist – FOIA, who may be reached at yvette.stewart@eeoc.gov or (346) 327-7705.